MICHAEL R. DALEY *vs.* PEOPLE'S BUILDING, LOAN AND
SAVING ASSOCIATION.

Bristol.    October 22, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

A holder of a certificate in an association requiring monthly payments from its
members made default in a monthly payment due January 26.  On July 11
following a notice was published to all stockholders "*who are in default for six
months or more in the payment of dues,*" to pay in sixty days under penalty of
forfeiture.  After the lapse of sixty days, the association, its directors having
passed a vote of forfeiture, in good faith notified the certificate holder that his
stock was forfeited.  This was a mistake, the default not having existed six
months before the notice.  Thereupon the certificate holder sued the association
to recover all sums paid by him under his certificate, on the ground that the
association had repudiated its contract and the consideration for the payments
had failed.  *Held,* that the mistaken announcement to the certificate holder that
his stock was forfeited was not a repudiation of the contract which gave him a
right to rescind it, and that he could not maintain his action to recover back the
consideration.

A certificate of membership in a New York corporation, which made the terms and
conditions printed on its back a part of the contract with the certificate holder,
had printed on its back as one of the conditions a provision that "*any action
brought against this association by any shareholder shall be brought in the
County of Ontario, State of New York.*"  *Held,* that this condition should be
enforced, and that an action on the contract contained in the certificate could
not be maintained in Massachusetts.

CONTRACT with two counts, the first count declaring on a prom-
ise alleged to be contained in the certificate of the defendant held
by the plaintiff as stockholder, to pay the plaintiff $1,000 in five
years from January 1, 1890 ; and the second count declaring on
an account annexed, to recover sixty monthly payments of $10
each and twenty quarterly payments of $2.50 each made by the
plaintiff to the defendant between January 1, 1890, and Decem-
ber 31, 1894, under the terms of said certificate, with interest
thereon, amounting in all to $862.88.   Writ dated December
16, 1897.

At the trial in the Superior Court, before *Braley,* J., it ap-
peared that the plaintiff's certificate was Number 2544 for ten
shares, and that the face of it read as follows: " This is to
certify that Michael R. Daley of Fall River, State of Massa-
chusetts, is hereby constituted a shareholder in The People's

Building, Loan and Saving Association, incorporated under the laws of the State of New York, and holds 10 shares therein of One Hundred Dollars each, and in consideration of the entrance fee, together with agreements and full compliance with the Terms and Conditions printed on the back of this Certificate, and the Articles of Association and By-Laws adopted by the said Association, all of which are hereby referred to and made a part of this contract, the said The People's Building, Loan and Saving Association agrees to pay said shareholder, or his heirs, executors, administrators or assigns, the sum of one hundred dollars for each of said shares, at the end of five years from the date hereof, or, in case of his death before the expiration of said term, then a sum of money equal to the amount of monthly installments paid on said shares, together with all dividends accrued thereon; all of which are payable in the manner and upon the conditions set forth in the articles of association and by-laws and terms and conditions printed on the back of this certificate. Given under the seal of said Association, at Geneva, N. Y., this first day of January, 1890. D. F. Attwood, Sec'y. M. S. Sanford, Prest."

Among the Terms and Conditions printed on the back of the certificate were the following : " First. The shareholder or person who is to pay all installments under this Certificate, agrees to pay or cause to be paid to the Association a monthly installment of one dollar for each share mentioned in the certificate, on or before the last Saturday of each month during the continuance of the certificate.

" Second. The shareholder or person who is to pay all installments under this certificate, agrees to pay, or cause to be paid to the Association, a quarterly installment of twenty-five cents for each share mentioned in the certificate, on or before the last Saturday of the third, sixth, ninth and twelfth months of each current year."

Then followed provisions for fine, cancellation and forfeiture in case of non-payment of instalments when due.

" Eighth. The Articles of Association, By-laws, terms and conditions, together with the application, are to be construed together as the contract between the Shareholder and the Association."

" Tenth. All payments under the within certificate are payable at the office of the People's Building, Loan and Saving Association, Geneva, N. Y., after acceptance and approval of satisfactory proofs.

" Eleventh. Any action brought against this Association by any Shareholder shall be brought on or before six months after filing his proofs, and in the County of Ontario, State of New York."

It appeared that the plaintiff made all payments required by the contract up to January 26, 1895, but on that day and thereafter failed to make the payments required.

At a meeting of the board of directors of the defendant, held on March 26, 1895, the following resolution was adopted: " Resolved, That the proper officers of the association, by legal proceedings at once publish notice of forfeiture of stock now forfeitable under articles of the association and By-Laws, except borrowing stock and that all stock in arrears be forfeited on completion of legal proceedings and that said action be taken every three months until further order."

It was admitted by the plaintiff that the following notice to stockholders signed in the name of the defendant by its president and secretary was published in the Syracuse Post Express, a weekly newspaper, at least once a week for ten successive weeks, beginning July 11, 1895: 

" To all stockholders and members of the People's Building, Loan & Saving Association who are in default for six months or more in the payment of dues, installments or money upon stock owned by you in said association :

" Take notice that you are hereby required to make payment to the association within sixty days from the date of this notice, at its office, 215 Kirk Block, Syracuse, N. Y., of all installments, dues, fees, fines or moneys due and unpaid on the capital stock of said association owned by you, according to its articles of association, by-laws, rules and regulations; and that in case of your failure to do so your shares of stock and all previous payments made thereon will be forfeited.   Dated Syracuse, N. Y., July 11, 1895."

At a meeting of the board of directors of the association held on November 12, 1895, the following resolution was adopted:

" Resolved, That all stock in arrears for six months or more, the holders of which have been served with notice by publication, and more than sixty days having elapsed since publication of said notice, be and the same is hereby forfeited, and the amounts paid on the same shall be placed in the undivided earnings of the association."

To the minutes of the meeting was attached a typewritten list entitled " List of Forfeited Stock," on which appeared, among other names, the following : " M. R. Daley, Fall River, Mass., No. 2544."

In a letter dated December 4, 1895, in answer to a letter sent by the plaintiff to the defendant the secretary of the defendant wrote to the plaintiff : " Your certificate for ten shares has been forfeited for non-payment of dues in accordance with the rules of the association," and this statement was repeated in letters from the secretary to the defendant dated December 28, 1895, and April 25, 1896, the last named letter being as follows : ". Replying to your favor of the 23rd. Your certificate No. 2544 has been forfeited for non-payment of the dues."

All other material facts are stated in the opinion of the court.

At the close of the evidence, at the request of the defendant and against the objection of the plaintiff, the judge ruled that the plaintiff could not recover, and the jury being so directed, returned a verdict for the defendant.

At the request of the parties, the judge reported the case for the consideration of this court, with the agreement, that if such ruling and direction was wrong, judgment was to be entered for the plaintiff as of January 8, 1900, for $862.38, with interest from the date of the writ, or in case the plaintiff was entitled only to recover the withdrawal value of his stock, for $554.07, with interest from the date of the writ ; otherwise judgment was to be entered on the verdict.

*C. R. Cummings,* for the plaintiff.

*C. M. Elliott,* (of New York,) for the defendant, submitted the case on a brief.

HOLMES, C. J.    This is an action by a member of the defendant corporation, counting first for $1,000 upon the covenant contained in his certificate of membership, and secondly on an account annexed, which is for the money paid by the plaintiff

for and under the certificate. The first count was disposed of by the decision reported in 172 Mass. 533. The right to recover on the second now is argued on the footing that the defendant declared a forfeiture of the plaintiff's stock without right, and that therefore the plaintiff at his election may treat the contract as repudiated and annihilated as if from the beginning, and may recover the consideration which he has paid. The case comes here by report after a ruling that the plaintiff could not recover. The first count being on the contract and the second being on a supposed right which depends on the annihilation of the contract at the plaintiff's election, it is a little hard to see how the plaintiff can press the second after having gone to trial and done his best to recover upon the first. *Whiteside* v. *Brawley,* 152 Mass. 133, 135. But we will pass to the other considerations in the case.

The report states that " no question arises as to the pleadings." We should suppose this to mean that the ruling of the court was on the substance of the case and not upon any question of form. We hardly should take it to open an argument that the plaintiff had a cause of action for the withdrawal value of his certificate, a matter quite different from the subject of either of the counts. That would be a claim under the contract of a different nature from the one set up in the first count, and of course it would be different also from the claim in the second count. The plaintiff does not attempt to make out a case of that new kind, and it is questionable whether if he did he could succeed. After being informed that the amount standing to the credit of his certificate was $690.38, he had written in a threatening tone a letter which implied that he insisted on being paid a thousand dollars. A conciliatory reply stated that if he desired the withdrawal value of his certificate the defendant would send a withdrawal blank. The plaintiff answered, it is true, that he desired the withdrawal value of his certificate, but the letter indicated pretty plainly that he meant by this the whole thousand dollars. His conduct showed that that was what he intended to get. The application returned to him was not signed, and he said nothing for nearly a year, when again he pressed for a thousand dollars. Whether he ever did anything sufficient to indicate that he wanted the withdrawal value we need not consider further.

We find it still more difficult to see how the plaintiff can recover as upon a rescission. The plaintiff says that the defendant was wrong in supposing that his stock was forfeited. The plaintiff made default in a monthly payment due on the last Saturday of January, the 26th. A notice was published on July 11 to all stockholders " who are in default for six months or more in the payment of dues " etc. to pay in sixty days under penalty of forfeiture. Without considering what could be said on the other side, we assume that the notice was a condition of the power to forfeit, that it did not hit the plaintiff as his default was a few days less than six months before July 11, and that the defendant was wrong. But all that the defendant did was to notify the plaintiff that his stock was forfeited, seemingly under a *bona fide* belief that he fell within the class described in the notice. It would be straining the facts and the law to say that this imported a refusal, before any demand, to pay any sum under the policy even if the defendant's mistake should be pointed out, and that therefore it was a repudiation.

A mere refusal to pay money when due, especially a refusal based upon the terms of the contract and in good faith although mistakenly believed to be justified by it, is not a repudiation of the contract and does not warrant a rescission. The only remedy is a suit upon the contract, not a suit for the consideration. This is clearly the law in the case of a failure to pay the price after a sale and delivery of goods. *Martindale* v. *Smith*, 1 Q. B. 389. The law would seem to be even clearer when, as here, the plaintiff has had the rights of membership in the defendant company for five years, not to speak of his having elected to insist upon his covenant, as we mentioned at the outset. Conduct going no further than the defendant's might not justify even a refusal of further performance on the other side, *Mersey Steel & Iron Co.* v. *Naylor*, 9 App. Cas. 434, a right which must not be confounded with rescission, and which in some cases is more easily made out. *Boston Deep Sea Fishing & Ice Co.* v. *Ansell*, 39 Ch. D. 339, 365. *Stubbs* v. *Holywell Railway*, L. R. 2 Ex. 311, 314. In *True* v. *Bankers' Life Association of Minnesota*, 78 Wis. 287, the question of the form of the remedy does not seem to have been brought to the attention of the court.

As in our opinion the contract between the parties has not

been ended, there is a further ground upon which their case is disposed of, which we thought in our earlier decision that it would not be necessary to consider.  The certificate is granted in consideration, among other things, of " full compliance with the Terms and Conditions printed on the back, . . . all of which are hereby referred to and made a part of this contract."  One of the conditions is that " Any action brought against this Association by any Shareholder shall be brought . . . in the County of Ontario, State of New York."  We are of opinion that this condition should be enforced.

We do not mean to overrule *Nute* v. *Hamilton Ins. Co.* 6 Gray, 174, but it is obvious that that was a somewhat hesitating decision, and we think that it should not be pressed so far as to dispose of this case.  Here we are dealing with a New York corporation, most of whose members would live in New York, and the greater part of whose dealings and contracts naturally would take place also in New York.  There, we take it from *Greve* v. *Ætna Live Stock Ins. Co.* 81 Hun, 28, which was put in evidence, the condition would be an answer to an attempt to sue in another county.  The condition, at least so far as we have occasion to consider it, refers to suits by members of the corporation as such.  It is perfectly reasonable, and as applied to a New York corporation in view of the New York law cannot be held contrary to the policy of Massachusetts with regard to such contracts as happen, by the accidents of post-office communication, to be concluded on this side of the boundary line.  The language is different from that used in *Nute* v. *Hamilton Ins. Co.*, and stronger.  It plainly purports to attach a condition to the contract, and we are of opinion that it does so effectually.  It is not intimated in *Nute* v. *Hamilton Ins. Co.* that when such a condition is attached to a contract and is valid, there is any technical difficulty in enforcing it as an answer to an action in another place.

It is true that in this case the question is not between counties but between States, and that our decision requires a resident of Massachusetts to go elsewhere for a remedy upon a contract made here.  *Reichard* v. *Manhattan Ins. Co.* 31 Mo. 518, 520, 521.  But objections of this sort may be made to appear more serious than they are.  Courts are less and less disposed to in-

terfere with parties making such contracts as they choose, so long as they interfere with no one's welfare but their own. The plaintiff might have given his money to the corporation if he had seen fit. We see no reason why he might not give it upon such partial return as he was content to accept. It will be understood that we are speaking of parties standing in an equal position where neither has any oppressive advantage or power, and that our decision as to the validity of the condition as a defence does not go beyond the particular circumstances of this case. See further *Matter of New York, Lackawanna & Western Railroad,* 98 N. Y. 447, 453 ; *Heslin* v. *Eastern Building & Loan Association,* 28 Misc. (N. Y.) 376; *Carpenter* v. *Shepardson,* 43 Wis. 406, 413.

*Judgment for the defendant.*