The New York and New Haven Automatic Sprinkler Company, Respondent, v. James F. Andrews, Appellant.

Contract — Work Done Thereunder to Be Paid for "After Certificate of Approval Should Have Been Issued by the New York Board of Fire Underwriters" — Recovery May Be Had When Issuance of Certificate Prevented by Default of Owner. Where it appeared, in an action brought to recover the price agreed to be paid for work done under a contract, that the plaintiff agreed to equip a factory with a system of automatic fire sprinklers, in accordance with the rules and regulations of the New York board of fire underwriters, and do all the work and furnish all the material for such system for a certain price payable "after a certificate of approval should have been issued" by such board of underwriters — that the contract was silent as to the form or substance of the certificate — that payment had been refused by defendant and the action defended upon the ground that the contract called for a certificate that would enable the defendant to secure reduced rates of insurance and that such certificate had not been furnished — that the board did make a statement certifying in effect that the plaintiff had fully complied with the contract, but refused to grant the desired certificate for the reason that the water supply of the factory was insufficient, the supply pump defective and the building beyond the reach of a fully organized paid fire department — and there was evidence tending to show that the situation was such as to render it impossible for the plaintiff to secure the certificate under the rules of the board until such objections had been removed — that defendant and his tenants were able to obtain, and were in fact offered, such reduced rates of insurance as were contemplated by the provisions of the contract with respect to the

procurement of the certificate before payment, and this, too, by reason of plaintiff's work in introducing the sprinkler system into the factory, *held,* that it was reversible error to direct a verdict for defendant, since the jury might have found that it was defendant's default that prevented the issuance of the certificate, and also that, by reason of plaintiff's work, defendant was offered and could have enjoyed every advantage without the formal certificate that he could obtain or enjoy with it, and under such findings the defendant would have no reasonable ground for refusing to pay the contract price of the work and would, in equity, be bound to pay it.

*N. Y. & N. H. Sprinkler Co.* v. *Andrews,* 62 App. Div. 8, affirmed.

(Argued November 25, 1902; decided December 9, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 12, 1901, reversing a judgment in favor of defendant entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Michael H. Cardozo* and *Raymond Rubenstein* for appellant. The rule is absolutely well settled that in order to enable a party to recover upon a contract he must comply with whatever condition precedent there is contained therein. (*Mittnacht* v. *Wolff,* 6 N. Y. S. R. 44; *Beebe* v. *Johnson,* 19 Wend. 500; *Baker* v. *Johnson,* 42 N. Y. 126; *Ward* v. *H. R. B. Co.,* 125 N. Y. 230, 236; *Moore* v. *S. P. & B. Co.,* 101 Fed. Rep. 591; *Herter* v. *Mullen,* 159 N. Y. 28; *U. S.* v. *Gleason,* 175 U. S. 588; *Wheeler* v. *Ins. Co.,* 82 N. Y. 543; *Tompkins* v. *Dudley,* 25 N. Y. 275; *Harmony* v. *Bingham,* 12 N. Y. 99.) Evidence of the defendant's purpose in making the contract which was known to the plaintiff was properly admissible, and it showed that the procurement of the certificate of the board of underwriters was the inducing cause for the making of the contract, and that the certificate and not the sprinkler equipment was the main thing contracted for. (Beach on Cont. § 740; *Smith* v. *Kerr,* 108 N. Y. 31; *B. & O. R. R. Co.* v. *Brydon,* 65 Md.

198 ; *Browne* v. *Patterson*, 36 App. Div. 167 ; *Gillet* v. *Bank of America*, 160 N. Y. 549.)   The testimony of the defendant to the effect that the certificate was the main thing contracted for was not contradicted or discredited, and conclusively establishes that the certificate had an independent value of its own, and that its procurement was the object of the contract between the parties. (*Hull* v. *Littauer*, 162 N. Y. 569 ; *Denton* v. *Carroll*, 4 App. Div. 532.)   There is no proof that the board of fire underwriters refused the certificate on arbitrary and unreasonable grounds, and the plaintiff was not relieved from producing it. (*Marshall* v. *C. T. Assn.*, 170 N. Y. 434 ; *L. & A. Corp.* v. *Thompson*, 170 N. Y. 94 ; *Gillet* v. *Bank of America*, 160 N. Y. 549 ; *Hill* v. *Priestly*, 52 N. Y. 635 ; *Baring* v. *Waterbury*, 10 App. Div. 1.)

*Charles E. Hughes* and *Frederick M. Littlefield* for respondent.   The stipulation for payment after the issuance of a certificate of approval by the board of underwriters was subject to two important qualifications necessarily implied, *first*, that the certificate should not be unreasonably or arbitrarily refused, and, *second*, that its issuance should not be prevented by the act or default of the defendant. (*B. Nat. Bank* v. *Mayor, etc.*, 63 N. Y. 336 ; *MacK. F. S. Co.* v. *Mayor, etc.*, 160 N. Y. 72 ; *Thomas* v. *Fleury*, 26 N. Y. 26 ; *Nolan* v. *Whitney*, 88 N. Y. 648 ; *Thomas* v. *Stewart*, 132 N. Y. 580 ; *Crouch* v. *Gutmann*, 134 N. Y. 45 ; *Highton* v. *Dessau*, 19 N. Y. Supp. 395 ; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205 ; *Dannat* v. *Fuller*, 120 N. Y. 554.) The board of underwriters expressly approved the plaintiff's work, and the refusal to issue a certificate, so called, was due simply to the defendant's failure to provide a sufficient pump and a guaranty that steam would be kept up for its operation. (*N. E. I. Co.* v. *G. E. R. R. Co.*, 91 N. Y. 153 ; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205 ; *Genet* v. *D. & H. C. Co.*, 136 N. Y. 593 ; *McIntyre* v. *Belcher*, 14 C. B. [N. S.] 654 ; *Jacquin* v. *Boutard*, 89 Hun, 437 ; *Turner* v. *Goldsmith*,

L. R. [1 Q. B. 1891] 544; *M. F. D. Co.* v. *Mayor, etc.*, 160 N. Y. 72.) It was a question for the jury whether the plaintiff had not fully performed on its part, and whether the refusal of the certificate was not due to the failure of the defendant to do an act which, if done at all, was to be done by him and not by the plaintiff. (*Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 254; *Trustees* v. *Vail*, 151 N. Y. 470; *White* v. *Hoyt*, 73 N. Y. 511; *Nicoll* v. *Sands*, 131 N. Y. 24; *Ins. Co.* v. *Dutcher*, 95 U. S. 273; *Woolsey* v. *Funke*, 121 N. Y. 92; *McDonald* v. *M. S. R. Co.*, 167 N. Y. 66; *Stone* v. *Flower*, 47 N. Y. 566; *Trustees, etc.*, v. *Kirk*, 68 N. Y. 459; *F. Nat. Bank* v. *Dana*, 79 N. Y. 108.)

O'Brien, J. At the close of the proofs in this case the learned trial court directed a verdict for the defendant and refused to submit any question to the jury, to which ruling and decision the plaintiff's counsel excepted. This exception is fatal to the judgment, and hence it was properly reversed by the learned court below on appeal.

The action was upon a written contract dated September 19, 1889, whereby the plaintiff agreed to equip the defend_ ant's property with what is called the dry pipe system of automatic sprinklers, in accordance with the rules and regulations of the New York board of fire underwriters. The plaintiff was to do all the work and furnish all the materials for the introduction of the system for the contract price of $1,400. The defendant was to bring the water from the street inside the walls of the building and to build a foundation for the tank at the rear. The contract price was payable "after a certificate of approval should have been issued by the New York Board of Fire Underwriters." The action was defended upon the sole ground that this certificate was not furnished. There is no dispute about the fact that the plaintiff, in all other respects, performed the contract. It performed the work and furnished the materials and the sprinkler system was introduced into the factory.

The board did make a certificate to the effect that the plain-

tiff had performed the contract and introduced into the factory a fully equipped dry pipe system, and added to the statement the following qualifications, or explanation: " No certificate can be issued for this equipment because it does not fulfill the requirements of this board in the following particulars, viz. : The premises are located beyond the reach of a fully-organized paid fire department, and provision is not made to supply the pipes with water automatically upon the opening of a sprinkler head, and the pump is not of 500-gallon capacity per minute, and there is no guarantee that steam will be main-·tained at all times to work pump."

The contract is silent with respect to the form or substance of the certificate to be procured from the board before payment of the contract price of the work. If it was merely a certificate that the work had been properly performed in conformity with the terms of the contract, then the requirement was complied with. If, on the other hand, it was contemplated that the certificate should be in such form as to entitle the defendant, or his tenants, to reduced rates of insurance upon the property, then it sufficiently appears that the board declined to make it, and, hence, the plaintiff was unable to procure it. It is assumed by the learned counsel for the defendant that the latter form of certificate is what the contract calls for, and the nature of the transaction and the conduct of the parties seem to support his contention in this respect. The precise thing that the board was to certify to, or the precise form of the certificate, is not clearly stated in the contract. The board did certify that the plaintiff introduced the dry pipe system into defendant's factory in the proper way and according to such rules or methods as it had established for doing work of that character. The contention is that the contract called for a certificate that would enable the defendant to secure reduced rates of insurance; but even so, it cannot be construed to mean that the plaintiff was to furnish a fire department, or a water supply, if these things were prerequisites to the issuance of the certificate. All it could reasonably mean was that the plaintiff's work should be

of such a character as to call for a certificate within the rules of the board.

Assuming that this is the interpretation of the contract, the fact, however, remains that something was to be done on the part of the defendant in order to accomplish the desired result. The stipulation for payment after the issuance of such certificate by the board was subject to certain qualifications necessarily implied from the nature of the undertaking, and these were that the certificate should not be unreasonably or arbitrarily refused and the issuance of it should not be prevented by the act or default of the defendant. It will be seen from the statements of the board, and it is apparent from the whole case, that the refusal to issue the formal certificate that the defendant claims was a condition precedent to any obligation on his part to pay, was upon the ground and for the reason that the water supply was insufficient, the pump defective and the building beyond the reach of the fire department. These objections have no relation whatever to the work that the plaintiff contracted to perform. If the situation was such as to render it impossible to procure the certificate under the rules of the board, the default in that respect was that of the defendant and is not to be imputed to the plaintiff as a ground for depriving it of all compensation for work performed according to the stipulations of the contract. The plaintiff had nothing to do with the water supply, or the pump or the unfavorable location of the premises with reference to a fire department. The contract by express terms, or by reasonable implication required the defendant to remove these objections before he could insist upon the certificate as a condition of the payment of the contract price. The plaintiff did not contract to furnish such a certificate as the defendant insists upon, irrespective of the location or condition of the factory for the use and operation of the system. If it became impossible by reason of things within the defendant's control to obtain such a certificate, that is not the fault of the plaintiff so long as it complied with the rules of the board concerning the mode and manner of doing the work and the kind and

quality of the materials employed.   If it turned out, as it did, that the factory was not protected by any fire department and had no sufficient pump or water supply, these were matters that the defendant was to remedy, and if the certificate could not be obtained until the objections were removed the defendant was not in a position to insist upon the condition, but in equity was bound to pay for the work which the plaintiff had performed.

The evidence was of such a character that the jury could well have found that it was defendant's default in these particulars that prevented the issuance of the certificate, and so the judgment entered on the direction of a verdict for defendant was properly reversed on that ground.

There was evidence in the case tending to show that the defendant and his tenants were able to obtain, and were in fact offered, such reduced rates of insurance as were contemplated by the provisions of the contract with respect to the procurement of the certificate before payment, and this, too, by reason of plaintiff's work in introducing the dry pipe sprinkler system into the factory.   On the theory that the use of the certificate by the defendant in order to obtain reduced rates of insurance was a material part of the consideration for the contract, the jury should have been permitted to consider this testimony.   The jury could have found that not only was the issuance of the certificate prevented by the defendant's default, but that by reason of the plaintiff's work he was offered and could have enjoyed every advantage without the formal certificate that he could obtain or enjoy with it.   Such a finding would deprive the defendant of all reasonable grounds for refusing payment of the contract price of the work.

The learned court below, we think, properly reversed the judgment, and the order and judgment of that court directing a new trial should be affirmed, and judgment absolute rendered in favor of the plaintiff on the stipulation, with costs.

PARKER, Ch. J., MARTIN, VANN and WERNER, JJ. (and GRAY and CULLEN, JJ., in result), concur.

Order affirmed, etc.