CURTIS L. LYNCH

*vs.*

HARRY B. STEBBINS.

Hancock.        Opinion July 10, 1928.

204

*Andrews, Nelson and Gardiner*, for plaintiff.
*Cook, Hutchinson, Pierce & Connell*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, PATTANGALL, JJ.

DUNN, J. There were two counts in the declaration. The first, a count upon an account annexed, wherein the claim was for reimbursement for the plaintiff's services and expenses in connection with the acquisition by the defendant, through bond buying and under decree of foreclosure of the bond mortgage, of the title to the real estate of the Cherryfield Lumber Company, to the defendant's profit. In practice the count upon the account annexed is substituted for the money counts. *Levee* v. *Mardin*, 126 Maine, 133. Next came an omnibus count, with averment that this and the other were for the same cause of action, the averment affording a convenient way of referring to specifications. *Cape Elizabeth* v. *Lombard*, 70 Maine, 396, 400. And then, as an amendment to the declaration, the partial specific statement, that the defendant and the plaintiff entered into an (oral) agreement, whereby if, by the aid of the plaintiff, it should be made possible

for the defendant to acquire the aforesaid title at an advantageous price, the defendant would share with the plaintiff the profits to be derived; and notwithstanding full performance by the plaintiff of his special agreement, yet since coming into ownership in common tenancy of 105/140's of the realty, and though nothing remains for the defendant to do but to pay the plaintiff in money, the defendant has ever refused to pay him.

Defendant plead the general issue.

In the course of the jury trial, counsel for plaintiff announced that his reliance was the count upon the account annexed, but whether counsel meant he so relied solely is not of consequence, the plaintiff's own showing falling short of sustaining either count.

From the testimony it is evident that in the agreement, if any there were, the expression "profits to be derived" signified pecuniary gains which the parties expected to make from operations to be carried on by the defendant, or permitted by him to be carried on, upon the wild or forest lands acquired, allowance being made to the defendant for what he had paid therefor and for reasonable charges and expenses. Profit from selling the real estate may also have been within contemplation. This, however, is not now of concern.

In witnessing, the defendant denied the agreement testified to by the plaintiff, but the jury accepted the plaintiff's version and awarded him damages.

A condition may affect the performance of a promise. When two parties make mutual promises the performance of one or both may depend upon a condition precedent. Some writers call such a condition suspensory, because its non-fulfillment suspends the operation of the promise to which it is attached. Illustrations of conditions of this kind are to be found in promises dependent upon the act of a third party. Recovery for construction work may be made dependent upon the production of an architect's certificate (*Smith* v. *Brady*, 17 N. Y., 173), subject to the implied understanding that the certificate shall not be unreasonably or fraudulently withheld (*Nolan* v. *Whitney*, 88 N. Y., 648; *Chism* v. *Skipper*, 51 N. J., 1), and that its issue shall not be wrongfully prevented. *N. Y. &c. Sprinkler Company* v. *Andrews*, 173 N. Y., 25. A promise to pay an award is conditional upon the making of

the award, and the arbitration, or some sufficient reason for the want of it, is a condition precedent to right of action. *Hood* v. *Hartshorn,* 100 Mass., 117. No rule is better established than that a plaintiff can not recover in an ordinary common-law action for money not due at the institution of the suit. *Bacon* v. *Schepflin,* 185 Ill., 122; *Stitzel* v. *Miller,* 250 Ill., 72, Ann. Cas. 1912B, 412. All which tends to uphold, that if one man promise another that, for a consideration, he will do or pay something on the happening of a certain event, the promisor remains bound by his promise, though not liable to its performance while the condition is unfulfilled. Anson on Contract, 367.

There are instances, it is true, in which, if one party to an executory contract for the performance of labor, for the sale of goods, or similar undertaking, repudiates it, and acceptance of the renunciation works, in effect, a rescission, the injured party may at once sue for and recover the value of whatever has been done by him in performance of the contract. *Listman Mill Company* v. *Dufrense,* 111 Maine, 104; *Poland* v. *Thomaston &c. Company,* 100 Maine, 133.

But where one party has entirely executed his contract for services, while on the part of the other the contract remains executory in reference to the payment of money, the situation is somewhat different from the case of the acceptance of the repudiation of an executory contract for the sale of goods, for work done, or the like. A mere refusal to pay money, even when the money is due, is not the repudiation of a money contract and does not warrant a rescission. *Daley* v. *People's Association,* 178 Mass., 13, 18.

It being plain on the argument of defendant's motion for a new trial that the verdict is against the evidence and so contrary to law, there is no occasion to consider the points saved by the defendant on exceptions.

*Motion sustained.*
*New trial granted.*