**FUNDING SYSTEMS LEASING CORPORATION**
v.
**Edward C. LA BRECQUE and Nancy H. LA BRECQUE**

**No. 8654**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 18, 1981**

**Frank R. Sherman,** for the plaintiff.
**Elton Watkins, III,** for the defendant.

## OPINION

**TIFFANY, J.** This matter is an action in contract by the plaintiff, lessor, to recover the balance due under an agreement by the defendant, lessee, for the rental of computer equipment.

The reported evidence sets forth that on June 4, 1973, LaBrecque executed a written agreement for the lease of computer equipment and signed with the co-defendant, Nancy LaBrecque, a written guarantee of the agreement. The equipment was delivered and is still in the possession of the defendant. This action was commenced as a result of the defendant's cessation of rental payments in November, 1976.

The defendant answered and counterclaimed for breach of warranty, lack of consideration deriving from the defective condition of the equipment and that the action was required to be brought in the State of New York pursuant to the terms of the lease.

On October 31, 1979, the plaintiff submitted a Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment.

The crux of the matter before this Division evolves about the defendant's counter-affidavit which asserted:

> "(2) That the Littleton Accounting System was defective.
> (3) That Funding Systems Leasing Corporation refused to repair, replace or accept the return of the accounting system.
> (4) That the lease stipulated that all actions or proceedings arising directly or indirectly from this

lease shall be litigated only in courts located within the State of New York.

(5) That I never waived the terms of conditions contained in that lease.

(6) That as a direct result of this .action, I have sustained damage in my accounting practice."

The plaintiff's motion for summary judgment was allowed on November 21, 1979 and a finding entered in the sum of $15,654.25.

The defendant claims to be aggrieved by the trial court's allowance of the motion for summary judgment and by the rulings of law inherent in said judgment; namely (1) that no genuine issue of material fact existed to warrant a trial on the merits; and (2) that the venue of the plaintiff's action was proper.

The issue of venue will be considered first. The defendant, by asserting in his answer the specific defense of improper venue, has complied with Dist./Mun. Cts. R. Civ. P. 12(h) in that:

"every defense, in law or fact, to a claim for relief in any pleading.

.shall be asserted in the responsive pleading thereto if one is required, except that the following defense may, at the option of the pleaders, be made by motion. . . (3) improper venue."

The defendant's answer states, "that the plaintiff is bound by contract to bring this cause of action in the courts of New York in accordance with paragraph #2 of plaintiff's exhibit "A". This is a sufficient allegation of improper venue to comply with the requirements of Rule 12(b) and he was not required to reiterate this defense by a separate 12(b) motion. In short, there was no waiver as the plaintiff alleges.

However, although proceedurally correct in asserting this defense, it fails to pass muster as a legally viable argument. The venue provision of the agreement signifies a contractual attempt to deprive Massachusetts courts of their jurisdiction over the parties' transaction. It is well established in the Commonwealth that "an agreement purporting to oust the courts entirely of their jurisdiction is void." **Patton v. Babsons Statistical Organization,** 259 Mass. 424(1927); **Cadillac Automobile Co. of Boston v. Engeian,** 339 Mass. 26(1959). Defendant's reliance on **Daley v. People's Bldg., Loan & Savings Association,** 178 Mass. 13(1901), for an opposing version is misplaced. The Court in **Daley** carefully restricted the application to the facts in stating it was dealing with a New York corporation, most of whose members lived in New York and the greater part of whose dealings and contracts normally would take place in New York. The Court concluded its decision with this telling statement: "It will be understood that we are speaking of parties standing in an equal position where neither has any oppressive advantage or power, and that our decision as to the validity of the condition as a defense does not go beyond the particular circumstances of this case." Compare the case at bar, wherein we have the Massachusetts rather than the New York situs of both parties, the actual contract execution and subject matter coupled with the inferior bargaining position of the defendant who signed a standard form agreement.

It is our opinion that paragraph #22 of the agreement is an attempt to restrict jurisdiction and not just venue and constitutes an illegal restraint on judicial jurisdiction.

The sole issue remaining is the sufficiency of the defendant's counteraffidavit. The plaintiff's Dist./Mun. Cts. R. Civ. P. 56 motion and accompanying affidavit set forth a legal claim founded upon a signed and duly executed written agreement and guarantee and corroborated by copies of ledger accounts indicating a balance owned by the defendant. This claim, on its face,

appears to be satisfactorily devoid of factual controversy so as to have warranted the entry of summary judgment. The defendant's affidavit merely reiterates allegations contained in his earlier answer as to the defective quality of the leased computer equipment and as to plaintiff's refusal to repair, replace nor accept return of the same. Dist./Mun. Cts. R. Civ. P. 56(e) cautions: "That when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. The test is not whether there is a defense, but whether the defendant has set forth the facts which constitute a defense." J. Nolan, **9 M.P.S. Civil Practice,** sec. 421 (1975). **Nashua Deisel Service Inc. v. Joseph L. Deveau. Jr.**[1] Such general allegations, unsubstantiated by detailed subsidiary facts, are insufficient to identify or create a material factual issue and are inoperative as a bar to the entry of a Rule 56 judgment. **Community National Bank v. Dawes,** 369 Mass. 550(1974); **O'Brion, Russell & Company v. LeMay,** 370 Mass. 243.

The burden of producing specific evidence by affidavit form is imposed on the non-moving party by Dist./Mun. Cts. R. Civ. P. 56 and the remaining defenses set forth in his answer not before this Division, as they were not issues advanced and pursued on appeal by the parties.

There being no error, the report is dismissed. So ordered.

> **Elliott T. Cowdrey, P.J.**
> **Richard L. Banks, J.**
> **James B. Tiffany, J.**