SARAH A. WILSON *vs.* JAMES MELVIN.

In an action to recover the price of intoxicating liquors, the burden of proof is upon the defendant to show that they were unlawfully sold.

BY THE COURT. This action is upon an account annexed to the plaintiff's writ, as follows: " May 20, 1856. To 142 gallons elderberry wine at 75 cents, $106.15."

The defence was that the wine was an intoxicating liquor, and that the sale was made in violation of law. No evidence was introduced on either side upon the question whether the plaintiff was licensed to make the sale. The presiding judge ruled that the burden of proof was upon the defendant to satisfy the jury that the plaintiff was not licensed according to law to make the sale, or, if licensed, that he sold it in a manner or for a purpose prohibited by law. We are of opinion that the instructions were correct. The sale of wine or other intoxicating liquors is a valid contract at common law. Such liquors are property, and may be purchased, and a debt be thereby created, except in those cases where the sale is prohibited by statute. The statute upon which the defendant relies does not make all sales unlawful, but only sales by unlicensed persons. *St.* 1855, *c.* 215. There is no legal presumption that the sale is unlawful, and there should hardly be, in favor of a defendant who has himself joined in the contract. As against the Commonwealth, the legislature have required that the defendant in a criminal prosecution shall prove the authority under which he acts, when charged with a violation of the statutes prohibiting the unlicensed sale of intoxicating liquors; *St.* 1844, *c.* 102; but they have imposed no such obligation upon parties who seek the enforcement of contracts. *Exceptions overruled.*

*A. F. L. Norris,* for the defendant, cited 1 Greenl. Ev. § 79; *Carlton* v. *Bailey,* 7 Foster, 230; *Kingsley* v. *New England Mutual Fire Ins. Co.* 8 Cush. 393; *Borthwick* v. *Carruthers,* 1 T R. 648.

*A. R. Brown,* for the plaintiff.