CHARLES L. CLAFLIN & another *vs.* UNITED STATES
CREDIT SYSTEM COMPANY.

Suffolk.   January 13, 1896. — April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Insurance of Mercantile Credits or Accounts — Foreign Corporation — Illegal
Contract — Action.*

A written instrument, executed by a corporation and purporting to bind it, in consideration of a sum paid, to purchase at a fixed price the accounts which during one year a certain business firm should have against ascertained insolvent debtors, or judgment debtors against whom execution should be returned unsatisfied, is a contract of insurance, within the meaning of St. 1887, c. 214.

No authority is given by St. 1887, c. 214, to any insurer, domestic or foreign, to insure mercantile credits or accounts ; and such a contract, made by a foreign corporation which has not been admitted to transact business in this Commonwealth, is illegal, under § 3.

An illegal contract will not be enforced, although its illegality is not set up in defence to an action thereon.

CONTRACT, upon a written instrument executed by the defendant. At the trial in the Superior Court, before *Bond,* J.,

the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.   The facts sufficiently appear in the opinion.

*H. N. Shepard*, for the defendant.

*B. E. Perry & G. H. Perry*, for the plaintiffs.

BARKER, J.   The contract in suit, although signed and sealed by the officers of the defendant in the State of New Jersey, was sent by the defendant to its agent in this Commonwealth, and was here delivered.   It was made on April 6, 1891, and purports to bind the defendant, in consideration of a sum paid, to purchase at a fixed price the accounts which during one year a certain business firm should have against ascertained insolvent debtors, or judgment debtors against whom execution should be returned unsatisfied.

It is a contract of insurance, within the meaning of the Massachusetts Insurance Act of 1887, then in force.   By that act, St. 1887, c. 214, § 3, which adopted the definition given in *Commonwealth* v. *Wetherbee*, 105 Mass. 149, 160, " A contract of insurance is an agreement by which one party for a consideration promises to pay money or its equivalent, or to do some act of value to the assured, upon the destruction or injury of something in which the other party has an interest."   By the same section it was made " unlawful for any company to make any contract of insurance upon or concerning any property or interests or lives in this Commonwealth, or with any resident thereof," unless and except as authorized under the provisions of the act.

The defendant is a foreign corporation domiciled in the State of New Jersey.   By the act cited, no foreign insurance company shall be admitted to transact here any class of insurance until it does certain acts, and obtains from the insurance commissioner a certificate that it has complied with the laws of the Commonwealth, and is authorized to make contracts of insurance. Before the enactment of St. 1887, c. 214, if insurance was made by a foreign company without complying with the requisitions of the statute, the contract was declared valid by statute, while a penalty was imposed upon the making of the contract.   Pub. Sts. c. 119, § 200.   Gen. Sts. c. 58, § 72.

No authority is given by St. 1887, c. 214, to any insurer, domes-

tic or foreign, to insure mercantile credits or accounts. So far as the record before us shows, the defendant has not been admitted to transact insurance in this Commonwealth. The contract sued on seems to be made unlawful by the provisions of St. 1887, c. 214, § 3, both for the reason that the defendant has not been admitted to transact insurance here, and because insurance of credits or accounts is not authorized by the statute.

The illegality of the contract is not set up in defence, nor was it noticed in the Superior Court, where the plaintiff had a verdict. But no court will consciously lend its aid for the enforcement of an illegal contract. *Snell* v. *Dwight,* 120 Mass. 9. *Dunham* v. *Presby,* 120 Mass. 285. *Riley* v. *Jordan,* 122 Mass. 231, 233. *Low* v. *Peers,* Wilmot, 364, 378.

In the present case, the question was brought to the attention of counsel by the court at the argument, and since the argument counsel have been given an opportunity to argue it upon briefs, and have declined or omitted so to do.

One of the exceptions is to a refusal to rule that the plaintiffs cannot recover. The ruling should have been given, for the reasons we have stated. In our view of the case, the questions argued by the parties are immaterial to the decision of the cause, and need not be discussed.        *Exceptions sustained.*