AMERICAN SURETY COMPANY OF NEW YORK *v.* REAU E. FOLK, as Insurance Commissioner.

(*Nashville.* December Term, 1910.)

**INSURANCE. Fidelity, guaranty, and surety companies are insurance companies in sense of statute imposing privilege taxes upon insurance companies.**

Under the statute (Acts 1895, ch. 160, sec. 2, and Acts 1899, ch. 31) defining "a contract of insurance" to be "an agreement by which one party, for a consideration, promises to pay money or its equivalent, or to do some act of value to the assured, upon the destruction or injury, loss or damage, of something in which the other has an insurable interest," a fidelity, surety, and guaranty corporation is an "insurance company" within the meaning of the statute (Acts 1907, ch. 541, sec. 6) imposing a privilege tax upon insurance corporations or companies; and the fact that the general incorporation statute (Acts 1875, ch. 142) makes provision for fire, life, and marine insurance corporations, and that Acts 1895, ch. 113, provides for the incorporation of guaranty and surety companies, and Acts 1895, ch. 175, authorizes guaranty and surety companies to become surety on judicial and official bonds, does not make guaranty and surety companies a distinct class, though the general "Tennessee insurance act" (Acts 1895, ch. 160) was enacted prior to the enactment of Acts 1895, ch. 175.

Acts cited and construed: Acts 1875, ch. 142; Acts 1895, ch. 160, sec. 2; Acts 1895, chs. 113 and 175; Acts 1907, ch. 541, sec. 6.

Cases cited and approved: Bank v. Fidelity & Guaranty Co., 110 Tenn., 10, 19, 20; People v. Rose, 174 Ill., 310; Shakman v. U. S. Credit System Co., 92 Wis., 366; In re Hogan, 8 N. D., 301; Chaflin v. U. S. Credit System Co., 165 Mass., 501; Guarantee Co. v. Mechanics' Trust Co., 80 Fed., 772.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

THOS. W. BULLITT, JEFF. MCCARN, and W. H. WILLIAMSON, for complainant.

ATTORNEY-GENERAL CATES, for defendant.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

The question presented for determination in this case is whether the American Surety Company of New York, a corporation created and organized under the laws of the State of New York, and doing business in this State, is liable for the privilege tax imposed by the general revenue law (chapter 541, sec. 6, Acts of 1907) upon "fire and all other insurance corporations or companies of other States and foreign countries, except life insurance corporations or companies, of two and one-half per cent. on gross premiums paid by or for policy holders residing in this State, or on property in this State."

Complainant's first contention is that it is not an insurance corporation or company.

This contention is not sound and cannot be sustained. The purposes for which the complainant was incorporated and the business which it is authorized to conduct, as set forth in its charter, are "guaranteeing the fidelity of persons holding places of public and private trust, the performance of contracts other than insurance policies, and executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings or by law allowed." The contracts here authorized to be made are contracts of insurance, and the making of them is an insurance business, as defined by the statutes of this State, and by the common law.

The Tennessee insurance act, regulating the business of all insurance other than life and casualty insurance, defines a contract of insurance to be "an agreement by which one party, for a consideration, promises to pay money or its equivalent, or to do some act of value to the assured, upon the destruction or injury, loss or damage, of something in which the other party has an insurable interest." Chapter 160, section 2, Acts of 1895; chapter 31, Acts of 1899.

The text-books upon the subject and the adjudged cases define insurance to be a contract by which one party, for an adequate consideration paid to him, undertakes to indemnify or guarantee the other against loss by certain specified risks—an agreement wherein one becomes surety to another that the latter shall not suffer loss or damage upon the happening of certain contingencies, upon specified terms. 1 May on Ins., sections 1,

2; 1 Phillips on Ins., section 1; 11 Am. & Eng. Enc. of Law, p. 280; 22 Cyc., 1384.

Upon the precise question we have before us, Mr. Joyce in his work on Insurance (volume 1, section 12), says:

"Guaranty insurance is a contract whereby one, for a consideration, agrees to indemnify another against loss arising from the want of integrity, fidelity, or insolvency of employees and persons holding positions of trust, against insolvency of debtors, losses in trade, losses from nonpayment of notes and other evidences of indebtedness, or against other breaches of contract. It includes other forms of insurance, which are specifically classed as 'fidelity guaranty,' 'credit guaranty,' etc."

Mr. Frost says:

"In view of all that has been said in this immediate connection, can it be affirmed that fidelity, commercial, and judicial bonds or policies, as issued by the so-called surety companies, constitute a contract of insurance within the strict legal signification of that term? The answer to the foregoing query must be unqualifiedly in the affirmative. That such policies are essentially insurance contracts has been settled by the overwhelming authority of a large number of courts of last resort, the decisions to the contrary being few and far between." Frost's Law of Guaranty Ins. (2d Ed.), p. 11.

Cooley's Briefs on the Law of Insurance, pp. 4, 5, contains substantially the same statement in regard to the

character and business of guaranty and surety companies.

Cases which fully sustain these authors, among others, are: *People* v. *Rose,* 174 Ill., 310, 51 N. E., 246, 44 L. R. A., 124; *Shakman* v. *U. S. Credit System Co.,* 92 Wis., 366, 66 N. W., 528, 32 L. R. A., 383, 53 Am. St. Rep., 920; *In re Hogan,* 8 N. D., 301, 78 N. W., 1051, 45 L. R. A., 166, 73 Am. St. Rep., 759; *Claflin et al.* v. *U. S. Credit System Co.,* 165 Mass., 501, 43 N. E., 293, 52 Am. St. Rep., 528; *Guarantee Co.* v. *Mechanics' Trust Co.,* 80 Fed., 772, 26 C. C. A., 146.

Complainant's second contention is that the general assembly of Tennessee has recognized guaranty and surtey companies as a class of corporations distinct from insurance corporations, and that they are not included in legislation confined to the latter class.

It is said, as evidence of this, the statute providing for the incorporation of insurance companies, chapter 142, Acts of 1875, makes provision only for fire, life, and marine insurance companies. This is true; but this statute is a general act providing for the incorporation of companies for many purposes, the enactment of which was made necessary by the provision of the constitution adopted by this State in 1870, prohibiting the general assembly from granting charters to private corporations by special acts. It has been amended from time to time so as to provide for corporations for purposes omitted in the original act, to answer the necessities and conveniences of commerce and business. Such an amend-

ment was made by chapter 113, Acts of 1895, providing for the incorporation of guaranty and surety companies. The reason why provision was not made for this class of insurance companies in the original act is doubtless because this class of business was then unknown in this State. The Tennessee insurance act was passed after this amendment providing for guaranty and surety companies, and applies to them equally with all other insurance companies not therein excepted.

It was held to apply to guaranty and surety companies, without controversy, in the case of *First Nat. Bank* v. *Fidelity & Guaranty Co.,* 110 Tenn., 10, 19, 20, 75 S. W., 1076, 100 Am. St. Rep., 765.

It is also said that this contention is supported by the fact that the general assembly enacted, at the same session the Tennessee insurance act was passed, a special act in regard to guaranty and surety companies. Chapter 175, Acts of 1895. This statute, which was enacted after the general law regulating the insurance business in this State, authorizes guaranty and surety companies to become surety upon bonds required to be executed in legal proceedings, or by public officials. Foreign guaranty and surety companies were doing business in this State in the way of guaranteeing the fidelity of employees and the performance of contracts previous to this time, and this act only authorized them to become surety upon public bonds. It is to no extent in conflict with the general law.

We are therefore of the opinion that the complainant

is an insurance company, and, having been engaged in business in this State, it was subject to the tax paid, and now sued for, and there was no error in the decree of the chancellor in sustaining the demurrer to its bill.