Cadillac Automobile Co. of Boston *v.* Engeian.

CADILLAC AUTOMOBILE COMPANY OF BOSTON *vs.*
RITA ENGEIAN.

Suffolk.    December 2, 1958. — April 9, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Guaranty.    Sale,* Conditional sale.    *Contract,* Validity, Novation.    *Conversion.*

The validity of a clause in a guaranty whereby the guarantor waived any
right to remove any action from the court originally acquiring juris-
diction was a separable issue which need not be decided in determining
the substantive rights under the guaranty in an action thereon which
the guarantor did not attempt to remove from a Municipal Court
where it was commenced.   [29–30]

Where, at the request of the vendee under a contract of conditional sale,
another person was substituted as vendee and the original vendee
gave the vendor a guaranty of payment of all sums due under the
contract, there was no merit in contentions that there was a new con-
ditional sale to the substitute vendee and that a failure to deliver a
copy of the contract to him pursuant to G. L. c. 255, § 13, made the
contract and therefore the guaranty unenforceable.   [31]

In the circumstances, there was no merit in a contention by a guarantor
of payment of sums due under a contract of conditional sale of an
automobile that the vendor was precluded from recovery on the guar-
anty on the ground that, after repossessing the automobile upon
default in making an instalment payment, he had neither retained
possession nor sold the automobile and applied the proceeds to the
full accelerated balance due upon the default, where it appeared that
about a month after his repossession the automobile was seized from
him by the United States, and later forfeited, for having been used by
the vendee in illegal transportation of narcotics and that conduct of
the guarantor amounted to a waiver of any right to a speedy sale of
the automobile.   [31–32]

As against a guarantor of payment of sums due under a contract of condi-
tional sale of an automobile, there was no conversion of the automobile
by the vendor where, after repossession of the automobile by him upon
default in payment of a monthly instalment, which accelerated the full
unpaid balance, the guarantor sent the vendor a check for the defaulted
instalment and the vendor replied that he would release the automobile
only upon payment of the full accelerated balance and would not deposit
the check but would hold it "pending your further advice."   [33]

There was no merit in a contention that a certain guaranty of payment of
the instalments payable under a contract of conditional sale and of the

full accelerated balance upon default in payment of an instalment, given to the vendor by the original vendee when, at the request of the original vendee, another person was substituted as vendee under the contract, was too indefinite to be enforced. [33]

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 30, 1956.

The action was heard by *Adlow*, C.J.

*Charles W. Lavers*, for the defendant.

No argument nor brief for the plaintiff.

RONAN, J. In an action of contract the plaintiff seeks to recover on a written guaranty by the defendant for the balance due under a conditional sale agreement. There was a finding for the plaintiff in the Municipal Court of the City of Boston. A report was ordered dismissed by a majority of the Appellate Division. The defendant appealed.

Evidence at the trial tended to show the following: On September 4, 1953, the defendant purchased an automobile from the plaintiff on a conditional sale contract, the balance after an initial down payment to be paid in monthly instalments. The contract contained, among others, a provision accelerating any unpaid balance upon default or breach of any other condition in the contract, provision for repossession and sale, and a covenant by the purchaser that the vehicle would not be used for an unlawful purpose during the life of the contract. Another clause stated: "Any provision of this contract prohibited by law shall be ineffective to the extent of such prohibition, but shall not invalidate the remaining provisions of this contract." Payments were made by the defendant under the contract until January 3, 1955, at which time she requested that the plaintiff "transfer the right to her contract as conditional vendee" to her brother, one George A. Homsy. She was told by the plaintiff's credit manager that, since the automobile had been sold to her on the basis of her own credit rating, the transfer would be permitted only on condition that she guarantee the account of her brother. She agreed to do so. Accordingly the transfer was effected by deleting the defendant's signature on the conditional sale contract and substituting

Homsy's. No copy of the conditional sale contract was delivered to Homsy. The defendant then signed the following instrument:

### PERSONAL GUARANTY BY THIRD PARTY

In consideration of the making of the within contract by the vendor herein, the undersigned does hereby guarantee to said vendor, or any assignee of said contract, payment of all deferred payments as specified therein and covenants in default of payment of any instalment or performance of any requirement thereof by vendee to pay full amount remaining unpaid upon demand. The liability of the undersigned shall not be affected by any settlement, extensions, variations of terms of the within contract effected with, or by the discharge or release of the obligation of, the vendee or any other person interested, by operation of law or otherwise. Notice of acceptance of this guaranty, notices of nonpayment and nonperformance, notices of amount of indebtedness outstanding at any time, protests, demands, and prosecution of collection, foreclosure and possessory remedies, and the right to remove any legal action from the court originally acquiring jurisdiction, are hereby expressly waived.

On January 31, 1955, a monthly payment was made, but on February 4, 1955, there was a default in the payment then due. On February 8, 1955, the plaintiff learned that the substituted vendee, Homsy, had been arrested for violation of the Federal narcotics law. It thereupon repossessed the automobile on February 11, 1955. By letter dated February 14, 1955, the plaintiff notified Homsy of the repossession and of the fifteen day redemption period provided by statute. On February 21, 1955, the defendant sent the plaintiff a check in the amount of a monthly instalment on the back of which was written, "This is February 4 payment which you refused to accept as payment for G. Homsy car." It was received by the plaintiff, whose credit manager replied by letter on February 23, acknowledging receipt of the check and adding, ". . . as I told you when you called, we will release the car upon payment in full of the above amount [the net balance on the automobile] . . . . We are not depositing the check you sent, but will hold it pending your further advice." On March 2, 1955, the defendant sent the plaintiff another check in the amount of a monthly instalment and with it a letter which stated: "Enclosed please

find check to March 4 payment. This just to protect George until we decide what we are going to do. Thank you." Both checks were retained by the plaintiff and produced on demand at the trial.

On March 10, 1955, the United States impounded and seized the automobile from the plaintiff. In a libel subsequently filed by the government the automobile was adjudged forfeit by reason of having been used in the illegal transportation of narcotics by Homsy.

At the close of the trial in the instant case, the defendant submitted sixteen requests for rulings, all of which were denied by the trial judge who found generally for the plaintiff after a finding "that by reason of a novation the defendant released her rights as purchaser and became a guarantor for debt of substituted purchaser."

We are met at the outset with the defendant's contention that the guaranty agreement is "void as an attempt to oust the court from its jurisdiction in a forum afforded the defendant under the laws." Her argument is that its prohibition against her removing any action brought against her from the court originally acquiring jurisdiction is in its effect a waiver of her right to a jury trial which is void as against public policy, and invalidates the guaranty. The defendant makes no contention, however, that this action was not brought in a proper court. See G. L. c. 223, § 2; G. L. c. 246, § 4.

Illegality was not pleaded, and, "as a general rule, a defendant cannot avoid an obligation on the ground of illegality without setting up such alleged illegality in his answer." *Barsky* v. *Hansen*, 311 Mass. 14, 17. G. L. c. 231, § 28. *O'Brien* v. *Shea*, 208 Mass. 528. *Silver* v. *Graves*, 210 Mass. 26, 31. *Raymond* v. *Phipps*, 215 Mass. 559, 561. *Whittingslow* v. *Thomas*, 237 Mass. 103, 104. *Morello* v. *Levakis*, 293 Mass. 450, 451. *Smith* v. *Miles*, 296 Mass. 126, 129. *Adamsky* v. *Mendes*, 326 Mass. 603, 606–607. However, "[t]his rule does not prevent the court from acting . . . where the illegality suggested by the evidence is such that it would be clearly contrary to public policy to enforce

a contract tainted thereby." *Barsky* v. *Hansen*, 311 Mass. 14, 17. *Riley* v. *Jordan*, 122 Mass. 231, 233. *Claflin* v. *United States Credit Sys. Co.* 165 Mass. 501, 503. *Noble* v. *Mead-Morrison Mfg. Co.* 237 Mass. 5, 22. *Coughlin* v. *Royal Indem. Co.* 244 Mass. 317, 319. *Reuter* v. *Ballard*, 267 Mass. 557, 563. *Baskin* v. *Pass*, 302 Mass. 338, 342. Generally our decisions have held that contract clauses limiting the forum within which suit must be brought are unenforceable. *Nute* v. *Hamilton Mut. Ins. Co.* 6 Gray, 174. *Hall* v. *People's Mut. Fire Ins. Co.* 6 Gray, 185. *Amesbury* v. *Bowditch Mut. Fire Ins. Co.* 6 Gray, 596. *Nashua River Paper Co.* v. *Hammermill Paper Co.* 223 Mass. 8. Some decisions, however, have held such clauses to be valid. *Daley* v. *People's Bldg. Loan & Sav. Assn.* 178 Mass. 13. *Mittenthal* v. *Mascagni*, 183 Mass. 19. Similarly one may waive his right to jury trial, and even agree in advance that arbitration will be final. See G. L. c. 175, § 99, Twelfth. We need not decide, however, upon the validity of the clause under which the defendant waived her right to remove any action brought on the guaranty from the court originally acquiring jurisdiction, for it is well settled that "[i]f the part of a contract . . . which is valid, can be separated from that which is void, and carried into effect, it may be done." *Amesbury* v. *Bowditch Mut. Fire Ins. Co.* 6 Gray, 596, 607. *Dean* v. *Emerson*, 102 Mass. 480, 485. *Eastern Expanded Metal Co.* v. *Webb Granite & Constr. Co.* 195 Mass. 356. *Chace* v. *Gardner*, 228 Mass. 533, 536. *Sherman* v. *Pfefferkorn*, 241 Mass. 468, 476. *New England Tree Expert Co. Inc.* v. *Russell*, 306 Mass. 504, 509. *Lehan* v. *North Main St. Garage, Inc.* 312 Mass. 547, 550. Restatement: Contracts, § 603. The clause in question goes only to the method of settlement of disputes under the contract of guaranty and does not impair the substantive rights under it. Moreover, no attempt was made by the defendant to remove the action from the Municipal Court of the City of Boston. We do not intimate what our decision would be were the validity of this clause before us.

The defendant next urges that the guaranty was a nullity

because the conditional sale which it incorporates did not comply with the requirements of G. L. c. 255. Specifically she contends that part of the transaction of January 3, 1955, was a new conditional sale by the plaintiff to Homsy; that no copy of the contract was delivered to him so that the sale did not comply with the statutory requirements; and that the guaranty, incorporating an unenforceable contract, is itself unenforceable. We cannot agree. As between the plaintiff and the defendant the only agreement involving a conditional sale within the purview of c. 255 was the original transaction in 1953 between the plaintiff and the defendant. To that transaction and agreement the aforementioned statutes were fully applicable, and a copy of the contract was delivered to the defendant in accordance with the statutory provision. In essence the transaction of January 3, 1955, was one between the original conditional vendee and Homsy, the substituted vendee. It was in effect a sale or gift by the original vendee to the substituted vendee of her interest in the automobile. There is no evidence that the terms of the conditional sale contract were changed as to payments or financing charges.

The defendant sought rulings that the plaintiff, having repossessed the automobile, could not maintain the action without its either holding a sale and applying the proceeds to the debt or retaining possession so that the automobile might be delivered to the defendant upon payment of the balance outstanding. Some of her requests state or imply that the plaintiff, after having retaken possession, voluntarily gave up the automobile to a stranger. Again, there was ample evidence to warrant the trial judge's finding that the plaintiff did not voluntarily give up possession by reason of the fact that the vehicle was seized from the plaintiff's possession by the government of the United States for having been used by Homsy for the illegal transportation of narcotics. The ensuing forfeiture was a proceeding in rem, binding upon all parties having any interest in the automobile, regardless of whether they had participated in its unlawful use, or even whether they had any knowledge

of the unlawful use. See *United States* v. *Andrade*, 181 F. 2d 42, 46 (9th Cir.); *United States* v. *One 1940 Packard Coupe*, 36 F. Supp. 788 (D. Mass.); *United States* v. *One (1) Oldsmobile Sedan*, 75 F. Supp. 83 (E. D. La.); *United States* v. *One 1952 Buick Special Riviera Automobile*, 136 F. Supp. 253, 254 (D. Minn.). These requests for rulings may also be interpreted as implying an unreasonable delay on the part of the plaintiff in holding a sale of the automobile, in consequence of which the defendant was injured. There is no merit in this contention. Under the contract, and by statute, G. L. c. 255, § 11, the vendee in default had the right to redeem the automobile any time within fifteen days of the repossession by paying the full amount due with interest and charges. No such tender was made. Nor did the vendee demand that the automobile be sold at public auction as he had a right to do under G. L. c. 255, § 13F. On the contrary, the defendant made two remittances, one on February 21 and one on March 2, in the amounts of the old monthly payments, and with the latter sent a note stating, "This just to protect George until we decide what we are going to do." Even if we assume, favorably to the defendant, that the conditional sale contract contemplated a resale of the automobile by the plaintiff after repossession (although no statutory demand for a public resale had been made), and that the plaintiff's duty not to impair any right the defendant would have by way of subrogation upon satisfying the guaranteed obligation included a duty to resell the automobile for the best price possible in the circumstances, we have no difficulty in holding that the plaintiff's course in retaining the automobile pending the defendant's decision "what we are going to do" was a reasonable one in the circumstances and in no way impaired the rights of the defendant. Whatever rights, if any, the defendant may have had in a speedy sale of the automobile were waived by her letter to the plaintiff. Moreover, the loss of the automobile resulted not from any action by the plaintiff, but from its forfeiture for its use by Homsy contrary to the Federal law.

The defendant's remaining contentions may be dealt with

briefly. Her requested ruling to the effect that the plaintiff "converted . . . [the vehicle] as against the rights thereto of the defendant" by retaining the checks tendered to it by the defendant after default and repossession, was properly denied in view of the judge's finding — amply supported by the record — that the plaintiff refused to accept partial payment and demanded payment in full (as it had a right to do under the acceleration clause of the conditional sale contract). *Specialty Glass Co.* v. *Daley,* 172 Mass. 460. Similarly the judge was not bound to grant the defendant's requested ruling in accordance with her contention that her signature on the guaranty agreement was obtained by misrepresentation. *Memishian* v. *Phipps,* 311 Mass. 521. *Perry* v. *Hanover,* 314 Mass. 167, 169–170. Finally, we cannot agree with the defendant's contention that the agreement was too indefinite to be enforced. *Silver* v. *Graves,* 210 Mass. 26. *Trafton* v. *Custeau,* 338 Mass. 305. It is similar to other guaranty agreements which have been upheld by this court. Cf. *Manufacturers' Fin. Co.* v. *Rockwell,* 278 Mass. 502; *Merchants Natl. Bank* v. *Stone,* 296 Mass. 243; *Charlestown Five Cents Sav. Bank* v. *Zeff,* 275 Mass. 408, 411; *Charlestown Five Cents Sav. Bank* v. *Wolf,* 309 Mass. 547.

*Order dismissing report affirmed.*