*Northern District*

No. 6954

**THOMAS P. STARK**

v.

**R. MAC DONALD & CO., Inc.**

Argued: Jan 29, 1969   Decided: March 26, 1969

*Present:* *Brooks, P. J.,* Connolly, Yesley, JJ.
Case tried to *Cullen, J.,* in the Fourth District Court of Eastern Middelsex   No. 889 of 1966

*Connolly, J.   This is an action of contract* to recover for services rendered by the plaintiff for the defendant. The answer was a general denial and payment.

The court found for the plaintiff in the sum of $635.58.

*At the trial there was evidence tending to show* that the plaintiff was employed by the defendant as a salesman of residential property pursuant to a verbal contract. The terms of compensation, although disputed, provided that the plaintiff would be entitled to 30% of the real estate commission received by the defendant for the sale of residential property and 10% of the real estate commission received by the defendant for the listing of residential property that was sold by the defendant's representatives. However, the basis of

this appeal is not predicated upon the findings made as to the amount of the compensation due the plaintiff but rather upon the denial of the defendant's request for a ruling of law. The plaintiff did not allege that he was a duly licensed real estate salesman or broker. There was no evidence from either party that the plaintiff was or was not a licensed real estate broker or salesman.

At the close of the trial and before final argument, the defendant made the following request for ruling:

> "As a matter of law the plaintiff not being a licensed real estate broker or salesman in accordance with G. L. (Ter. Ed.) Chapter 112, Section 87 UU, cannot recover in any suit or action in the Courts of the Commonwealth of Massachusetts for compensation for services as a broker or salesman performed within the Commonwealth of Massachusetts. See G.L. (Ter.Ed) Chapter 112, Sec. 87 RR."

The court denied the defendant's request for said ruling but made the following finding of fact.

> "I find that the defendant owes the plaintiff the sum of $635.58 for services rendered while the plaintiff was an employee of the defendant. I further find that this is not a suit for a broker's commission, etc. Finding includes interest from date of demand, March 23, 1966."

In our opinion, the last paragraph of Chapter 112, Section 87 RR controls. That paragraph reads:

> "Except as otherwise provided no person shall recover in any suit or action in the courts of the commonwealth for compensation for services as a broker performed within the commonwealth unless he was a duly licensed broker at the time such services were performed; provided, however, that nothing contained herein shall be construed as affecting the right of a licensed salesman to recover in a suit or action against a broker on any contract or agreement with said broker."

While we recognize merit in the contention of the defendant that (with certain exceptions that do not apply here) the possession of a license is a condition precedent to a cause of action to recover for services as a broker, we do not think this is the law in the case of a salesman suing a broker for his services. While it is true that the statute does state that the salesman must be licensed, the absence of such a license we rule is an illegality which must be specifically pleaded. The defendant cannot avoid an obligation on the ground of illegality without setting up such alleged illegality in its answer. *Cadillac Automoblie Co. of Boston* v. *Engeian,* 339 Mass. 26, 29.

The *Cadillac Automobile Company* case does state "However, this rule does not prevent the

court from acting ... where the illegality suggested by the evidence is such that it would be clearly contrary to public policy to enforce a contract tainted thereby''.

It is not clearly contrary to public policy to permit the plaintiff to enforce the contract in this case.

Since its answer consisted only of a general denial and plea of payment, the defendant cannot now avail itself of the defense of illegality.

There was no prejudicial error in the denial of the defendant's request. **The report is dismissed.**

EDWARD TARLOW
 for Plaintiff
GERALD E. JOSEPHSON
 for Defendant