Shubow, J.
This contract case presents the problem of whether the trial judge erred in placing the burden of production of evidence upon the defendant corporation as to whether or not the plaintiffs sale of slot machines to the defendant was exempt from a statute making such dealing a crime.[2]
It is clear from the report that the contract involved the sale by the plaintiff of gambling devices known as “slot machines” for which the defendant failed to pay. A statute (G.L. c. 271, § 5A) makes it a crime to deal in such things. The statute, originally enacted in 1951 (St. 1951, c. 483), was amended (St. 1979, c. 373) by the addition of a separate paragraph providing: “It shall be a defense to any prosecution under this section to show that the slot machine is an antique slot machine and was not operated for gambling purposes while in the defendant’s possession. For the purposes of this section, a slot machine shall be presumed to be an antique slot machine, if it was manufactured at least thirty years prior to the arrest of the defendant, or seizure of the machine.”
It is evident from the trial judge’s Findings, Rulings and Order for Judgment that he was prepared in principle to give effect to the affirmative defense asserted.[3] The judge made this clear by stating “The defendant raises the affirmative defense that because of a statute which makes trafficking in gambling equipment a crime that the agreement was illegal and thus void. The defendant has the burden of proving the affirmative defense.” His allowance of several requests for rulings addressed to the claim of illegality also reflects adoption of the defendant’s view. However, the judge in his decision continued as follows:
“The statute provides that an antique slot machine, that is, one manufactured at least 30 years prior to the arrest of the defendant or seizure of the machine and not operated for gambling purposes does not come within the purview of the statute. No evidence was adduced as to the age of the machines or their use. I rule that in order for the defendants to meet their burden of proof on the affirmative defense of illegality, that they must introduce at lease some *91 evidence that the machines were not within the exception and that they failed to do so.” (Emphasis supplied.)
As the defendant formulated the legal question,[4] once it successfully sustained its acknowledged burden of proving the illegality of the sale, the burden shifted to the plaintiff at the very least to offer evidence to prove that it was entitled to the benefit of the statutory exception rooted in the antiquity of the things sold. Phrased differently the defendant argues it should not have had to overcome as part of its burden facts bringing into play an exception to the general public policy. We agree.
“If a fact must be pleaded, the burden of persuasion is usually on the party who must plead that fact.” LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, Fifth Edition, p. 41. The defense of illegality is an affirmative one required to be pleaded by the defendant. Cadillac Automobile Co. of Boston v. Engeian, 339 Mass. 26 (1969). Cf. Baskin v. Pass, 302 Mass. 338 (1939).This rule is akin to the one which provides that a party making a claim under a statute ordinarily bears the burden of proving that he comes within the terms of the statute, Sullivan v. Quinlivan, 308 Mass. 339, 342 (1941). (This general principle cuts both ways in this case since the interest of each party legitimately finds support in a different provision of the statute.) What has been said so far is consistent with the law expressed long ago in Wilson v. Melvin, 79 Mass. (13 Gray) 73 (1869), that in an action to recover the price of wine allegedly sold in violation of law, the defendant had the burden of proving that the plaintiff “was not licensed according to law to make the sale, or, if licensed, that he sold it in a manner or for a purpose prohibited by law.”
Here, however, the judge went beyond requiring the defendant to carry the day on the issue of illegality and called upon the defendant to defeat a potential defense to the accusation of illegality which the plaintiff, so far as this record discloses, did not assert. (“No evidence was adduced as to the age of the machines or their use...”) The question logically arises if it was incumbent upon the defendant in presenting its affirmative defense to plead and prove the illegality of the transaction, should it not be incumbent, by parity'of reasoning, on the party “defending” against the claimed illegality to plead and prove its own affirmative defense?
“One who claims the benefit of an exception from the prohibition of a statute has the burden of proving that his claim comes within the exception.” N. SINGER, 2A SUTHERLAND STATUTORY CONSTRUCTION §47.11 (4th ed.), citing United States v. First City National Bank of Houston, 386 U.S. 361, 366, 87 S. Ct. 1088, 1092 (1967).
“The long established rule relating to the burden of proof of an exception was stated in Ansell v. Boston, 254 Mass. 208, 211 [1926], as follows:,lThe rule as to the burden of proof, applicable both to criminal and civil cases, is that, where the duty or obligation or crime is defined by statute, if there be an exception in the enacting clause, or an exception incorporated into a general clause, descriptive of the duty or obligation or crime, then the party pleading must allege and prove that his adversary is not within the exception; but if the exception is in a subsequent, separate or distinct clause or statute, then the *92 party relying on such exception must allege and prove it.” Sullivan v. Ward, 304 Mass. 614, 615 (1939).
There can be no doubt here that the exception which could benefit the plaintiff is not included in the definition of the illegality but was adopted almost three decades later and occupies a distinct clause of the statute.
In Smith v. Hill, 232 Mass. 188 (1919), the defense was a discharge in bankruptcy. The plaintiffs position was that his claim was an exception because it had not been scheduled in the bankruptcy petition. While the court held that the burden of proof remained on the defendant to show that his discharge was effective as aganst the plaintiffs claim, the decision appears to suggest that the plaintiff bore the burden at a minimum to raise a challenge of the primafacie effect of the discharge (p. 190). When the case reached the U.S. Supreme Court (260 U.S. 592, 593 [1933]) Justice Holmes referred to “.. .the distinction, familiar in Massachusetts since the time of Chief Justice Shaw, Powers v. Russell, 13 Pick. 69, and elaborated in the opinion below, between the burden of proof and the necessity of producing evidence to meet that already produced. . . .By the very form of the law the debtor is discharged subject to an exception, and one who would bring himself within the exception must offer evidence to do so." (The case, as it turned out, involved an exception to the exception. If the plaintiff, although not listed, had notice of the bankruptcy the omission of his claim from the bankruptcy schedules would not help him. Predictably, the evidence on this point was held to be the responsibility of the defendant.)
In criminal cases, where the bur den of proof always rests on the prosecution, as to some issues outside the range of ordinary expectations, the burden of raising the issue is cast upon the defendants. Commonwealth v. Kostka, 370 Mass. 516, 532(1976) (insanity); Commonwealth v. Williams, 378 Mass. 242, 243 (1979) and Mass. R. Crim. P., Rule 14(b)(1) (alibi).
In civil cases, while the burden of proof remains on the party on whom it rested at the outset, the burden of production may shift in accordance with the ebb and flow of the evidence. See LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, Fifth Edition, pp. 44-48.
The recent decision Eliot Discount Corp. v. Dame, Mass. App. Ct. 280 (1985), supports our conclusion. “Specifically, a party making a claim under a statute usually bears the burden of proving that he comes within the terms of the statute” (p. 285).
We conclude the judge erroneously ruled that the defendant, rather than the plaintiff, had the burden of producing evidence to show whether the plaintiff was or was not protected from an exemption within the statute. It follows that there must be a new trial. So Ordered.

 The trial judge found in favor of an individual defendant on the ground he acted only as an agent of the corporaton and not in his individual capacity.

 The case has proceeded upon the premise that the defense of illegality was available to the defendant and we accept that premise as the law of the case, but see Rugo v. Rugo. 325 Mass. 612, 619 (1950); Harness Tracks Security, Inc. v. Bay State Raceway, Inc., 374 Mass. 362. 366 (1978); G. MOTTLA. 1 PROOF OF OASES. 8 748 DEFENSES-ILLEGALITY-IN GENERAL (1966 & Supp. 1986).

 No request of the defendant squarely presented the issue of the different burden of proof attendant upon establishing the defense of illegality and establishing an exception to the defense. (By the same token, the appellant has not complained in its brief about any particular ruling.) Ordinarily we would not pass on the question under such circumstances. However, the judge has made a clear and express ruling of law as to which the defendant is aggrieved. See our recently decided case Mira nda v. Araujo etal, 1987 Mass. App. Div. 9. In general, we are not authorized to depart from the salutary principle that we ought not to consider questions of law not preserved by carefully drawn requests for rulings. See Bushnell v. Bushnell, 393 Mass. 462, 475 (1984).