**David WELLONS, et al., Plaintiffs,**

**v.**

**NUMERICA SAVINGS BANK, FSB, Defendant.**

**Civ. A. No. 90–11332–T.**

United States District Court, D. Massachusetts.

Nov. 1, 1990.

Gary R. Greenberg, Lawrence Robert Kulig, Goldstein & Manello, Boston, Mass., for plaintiffs.

Julian J. D'Agostine, Robert John Diettrich, Davis, Malm & D'Agostine, Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Plaintiffs are the general partners of Thurlow Highlands Development Group, a Massachusetts general partnership. Plaintiffs owned real estate in Plymouth, New Hampshire and borrowed $889,000 from the defendant, Numerica Savings Bank, FSB, to finance the development of that real estate. Defendant is a savings bank chartered under the laws of the United States with a principal place of business in Manchester, New Hampshire.

Defendant declared a default on plaintiffs' loan and foreclosed on the property.

Plaintiffs, in turn, filed this action in Norfolk Superior Court alleging, *inter alia,* misrepresentation in the negotiation of the loan, breach of contract, breach of fiduciary duty, unfair and deceptive practices in violation of M.G.L. ch. 93A, and wrongful foreclosure. Defendant removed the case to this court on May 21, 1990 and now seeks to transfer the action to the District of New Hampshire. Specifically, defendant Numerica wishes to consolidate this case with its own related action in the Federal District Court of New Hampshire against the Thurlow partners for payment on the loan.[1]

Numerica has moved for transfer to the District of New Hampshire under 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The First Circuit has enumerated a partial list of factors to consider in deciding a § 1404(a) motion, including "the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation." *Cianbro Corp. v. Curran–Lavoie,* 814 F.2d 7, 11 (1st Cir.1987).[2]

■ The parties acknowledge, and this court agrees, that the consolidation of this lender liability suit and the New Hampshire action on the promissory note would further the efficient administration of justice. Normally, the first-filed and first-removed action (in this case, the Massachusetts action) is preferred in a choice of venue decision. *Cianbro,* 814 F.2d at 11. This rule only expresses a preference, however, *see Codex Corp. v. Milgo Electronic Corp.,* 553 F.2d 735, 737 (1st Cir.1977), and gives way if there are other overriding considerations. *See Cianbro,* 814 F.2d at 11.

■ In this instance, two factors argue strongly for transferring this case to New Hampshire. First, New Hampshire is the state where the cause of action arose. Plaintiffs obtained the loan at issue for the development of New Hampshire land, closed the loan in New Hampshire and arranged for financing from a New Hampshire bank. Second, New Hampshire law will undoubtedly govern the issues in this case.[3] Because both these factors weigh heavily in favor of transfer to New Hampshire, they alone justify allowing the motion. *See Karrels v. Adolph Coors Co.,* 699 F.Supp. 172 (N.D.Ill.1988); *see also Van Dusen v. Barrack,* 376 U.S. 612, 645, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964) (listing location of cause of action and familiarity of district's federal judges with applicable law as relevant considerations in a § 1404(a) motion).

The presence of a forum selection clause in the promissory note argues further for

---

1. Numerica filed this competing action in Hillsborough, New Hampshire Superior Court on April 26, 1990 (fifteen days after this case commenced in Norfolk Superior Court) and the Thurlow partners removed it to the Federal District Court of New Hampshire on May 25, 1990 (four days after removal of this case from Norfolk Superior Court to this court).

2. Two of these factors do not come into play. Location of this action in either Massachusetts or New Hampshire will not affect either the convenience of the parties and witnesses or the availability of documents. Although plaintiffs are located in Massachusetts, defendant is located in New Hampshire. At this stage, there is no reason to believe that the witnesses will not be equally divided between the two districts, as well. Moreover, the documents and correspondence are divided relatively equally between both states.

3. The Note contains a choice of law provision which states that "[t]his Note shall be governed exclusively by the laws of the State of New Hampshire." Massachusetts courts ordinarily uphold such clauses so long as there is no serious conflict with public policy. *See Morris v. Watsco, Inc.,* 385 Mass. 672, 675–678, 433 N.E.2d 886 (1982); *Warren Bros. Co. v. Cardi Corp.,* 471 F.2d 1304, 1307 n. 1 (1st Cir.1973); *Steranko v. Inforex, Inc.,* 5 Mass.App.Ct. 253, 260, 362 N.E.2d 222, 228 (1977). Because plaintiffs do not allege any such public policy limitation, the clause applies, at least to the plaintiffs' contract claims. Moreover, because of New Hampshire's stronger ties to this action, choice of law principles should dictate the same result for the counts that are not contract-based.

transfer.[4] Plaintiffs contend that Massachusetts law prohibits the enforcement of the clause on public policy grounds. Although thirty years ago the Massachusetts Supreme Judicial Court did mention in dicta that Massachusetts courts "generally" considered such clauses unenforceable, *see Cadillac Automobile Co. v. Engeian*, 339 Mass. 26, 30, 157 N.E.2d 657 (1959), the attitude of Massachusetts courts has changed.[5] *See Ernest & Norman Hart v. Town Contractors*, 18 Mass.App.Ct. 60, 65, 463 N.E.2d 355, 359 (1984). In *Hart*, the Massachusetts Appeals Court warned that "it would be unwise to rely on the persistence of [the general rule against enforceability] in future Massachusetts cases where the parties purport to bind themselves by a contractual choice of forum provision and no special considerations make it unjust to enforce the parties' agreement." *Id.* In this case, plaintiffs have cited no public policy reason or special consideration that prevents enforcement. Indeed, this transaction was a business loan to sophisticated developers, who should have known the significance of the clause and could have taken their business elsewhere. *See Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir.1990), *cert. granted*, — U.S. —, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990).[6] This court would, therefore, enforce the forum selection clause.

Although the terms of the clause arguably limit its applicability to the contract claims, it would be an additional waste of judicial resources to divide this case further by sending the contract claims to New Hampshire and keeping the other counts in this District.

The totality of the circumstances involved tip the scales in favor of transferring the entire case to the District of New Hampshire. Defendant's motion for transfer, therefore, is ALLOWED.

### ORDER

Defendant's Motion to Dismiss for lack of personal jurisdiction is DENIED. For the reasons stated in the accompanying memorandum, defendant's Motion for Transfer is ALLOWED and this action is hereby transferred to the District of New Hampshire.

IT IS SO ORDERED.

---

4. Section 9.4 of the Note states:
   This note shall be governed exclusively by the laws of the State of New Hampshire. Maker hereby agrees that any action hereon may be maintained in a court of competent jurisdiction located therein, and consents to the exclusive jurisdiction of any such court for all purposes connected herewith.

5. Even thirty years ago, the Supreme Judicial Court recognized that its general rule did have exceptions. *Id.* at 30, 157 N.E.2d 657 (citing *Daley v. People's Bldg. Loan and Sav. Ass'n*, 178 Mass. 13, 18–20, 59 N.E. 452 (1901) (action on a membership certificate in a New York corporation); *Mittenthal v. Mascagni*, 183 Mass. 19, 21–25, 66 N.E. 425 (1903) (Italian contract between Italian composer and agent for concerts in United States)).

6. Although the parties do not address the point, it is by no means clear that Massachusetts law governs the validity of a forum selection clause in a diversity suit. The circuits have split on the issue, *see Manetti Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir.1988) (reviewing cases), and the question is now pending before the Supreme Court. *See Shute, supra, cert. granted*, — U.S. —, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990). Under federal law, such a clause would be *prima facie* valid. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Because both federal and Massachusetts law would yield the same result, this court expresses no opinion as to which law should govern in this case.