Gants, Ralph D., J.
The defendants have moved for partial summary judgment as to Counts I and II of the *206 complaint, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. The defendants argue that this Court’s Memorandum and Order dated May 1, 2006, effectively declaring unenforceable the provision of the contract providing for a partial arbitrator, rendered the entire contract unenforceable as a matter of law [21 Mass. L. Rptr. 77]. After hearing, the defendants’ motion for partial summary judgment is DENIED.

DISCUSSION

The gist of the defendants’ argument is that the dispute resolution provision that this Court found unenforceable may not be reasonably severed from the contract, so that the entire contract must be deemed void. There are two fundamental flaws — legal and equitable — in defendants’ argument.
The Marketing Agreement at issue provides, in the paragraph entitled, “Compensation”:
For all transactions between Vesper and BOM other than those specifically described in the following paragraphs, the Guidelines in Exhibit “A” will apply. The Guidelines are to be viewed solely as guidelines and each of the parties understands that there will need to be some flexibility in these Guidelines.
Marketing Agreement at ¶2(e)(1) p. 3.
Section III of Exhibit A, entitled “Referral Fees,” provides as follows:
3. Referral fees on leads to or from other Binswan-ger offices, divisions and affiliates shall be calculated from gross payments and based on the following guidelines:
a. 20%-35% for the party who refers the business
b. 50% for the party who services the business
c. 15%-20% for Binswanger of Massachusetts
d. Guidelines may be revised upon mutual agreement by the parties involved
e. In the event of a referral fee dispute, the facts surrounding the dispute shall be sent in writing to the Chief Financial Officer of BOM, who shall arbitrate. If such arbitration fails, the dispute shall be brought to the BOM shareholder who shall make a referral fee determination that shall be binding.
Marketing Agreement, Exhibit A, §3.
In this Court’s Memorandum and Order dated May 1, 2006, this Court vacated the arbitrator’s award in this action because the arbitrator provided for under Exhibit A of the Marketing Agreement, whether it be the Chief Financial Officer of Binswanger of Massachusetts, Inc. (“BOM”) or the BOM shareholder, was partial. As a result, the dispute resolution procedure set forth in Exhibit A was unenforceable to the extent it permitted BOM to resolve disputes as an arbitrator and obtain judicial enforcement of BOM’s “findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing.” City of Lynn v. Thompson, 435 Mass. 54, 61 (2001), quoting Plymouth-Carver Reg’l Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990). The defendants contend that this now renders the entire Marketing Agreement null and void, since it was essential to BOM that it have the unfettered, essentially unreviewable authority to decide referral fee disputes, regardless of whether its decisions were erroneous, arbitrary, or fundamentally unfair. In essence, BOM is arguing that it entered into a contract that allowed it to resolve its disputes solely to its advantage, regardless of the fairness of such a resolution.
The fundamental legal flaw in this argument is that every contract in Massachusetts has an implied covenant of good faith and fair dealing, and it would contravene that implied contractual provision for BOM to have abused its authority by acting unfairly or in bad faith in resolving referral disputes. Therefore, BOM implicitly already agreed that these referral disputes must be decided fairly; all that it lost by this Court’s decision was the power to have those disputes decided solely by itself. When the voided clause goes to the method of settling disputes under the contract and “does not impair the substantive rights under it,” the entire contract need not be voided. Cadillac Automobile Company of Boston v. Engeian, 339 Mass. 26, 30 (1959).
This Court recognizes that the Marketing Agreement provided that the Guidelines were only guidelines and needed to be applied flexibly, and often provided a range of percentages as opposed to a fixed percentage. These provisions do not render the Marketing Agreement void for vagueness; they simply mean that, in determining what would constitute a fair referral fee under the totality of circumstances, the Guidelines simply provide guidelines and were not to meant to impose a straitjacket when equity demands a different result.
This Court, in its Order dated September 18, 2006, has already provided a procedure “setting the plate” for a final resolution: it ordered Vesper Realty Advi-sors, Inc. (“Vesper") to file a more definite statement under Mass.R.Civ.P. 12(e) detailing each of the transactions for which it alleges commissions are due to it from the defendants, and the amount it contends are due in commissions as to each transaction, and then required BOM to file, as to each transaction, its final referral fee determination by the BOM shareholder under the Marketing Agreement, Exhibit A, §3. The issue now is whether those referral fee determinations are fair and, if not, what different fee would be fair. This matter will be determined by the Court after trial, exercising its equitable authority, unless the parties agree to have the matter decided by an impartial arbitrator.[1]
The fundamental equitable flaw in defendants’ argument is that, if its motion were allowed, it would *207 limit Vesper’s damages to those earned in quantum meruit, which would greatly reduce the damages that would otherwise be available to Vesper as referral fees under its Marketing Agreement. Consequently, if the motion were allowed, it would mean that BOM, having lost the ability arbitrarily to decide how much in referral fees Vesper should receive, would instead be spared the obligation to pay Vesper any referral fees, and would solely have to pay for the work that Vesper performed. This would mean that BOM would benefit greatly from having prepared a Marketing Agreement that overreached in seeking to make it the sole arbitrator of any referral fee dispute. This Court will not allow the unfairness of BOM winning by overreaching.

ORDER

For the reasons stated above, the defendants’ motion for partial summary judgment is DENIED.

This Court expressly reserves for trial the question of whether any deference is due to BOM’s determination and, if so, the extent of such deference.