**MEGADANCE USA CORP.,
et al., Plaintiffs**

v.

**Kristine KNIPP, et al., Defendants.**

**No. 09–cv–30067–MAP.**

United States District Court,
D. Massachusetts.

June 8, 2009.

Philip J. Callan, Jr., Doherty, Wallace, Pillsbury & Murphy PC, Springfield, MA, for Defendants.

James C. Duda, Daniel J. Finnegan, Bulkley, Richardson & Gelinas, Springfield, MA, John B. Kearney, Christopher N. Tomlin, Ballard Spahr Andrews & Ingersoll, LLP, Voorhees, NJ, for Plaintiffs.

*MEMORANDUM AND ORDER RE-GARDING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY IN-JUNCTION AND DEFENDANTS' MOTION TO DISMISS* (Dkt. Nos. 9 & 16)

PONSOR, District Judge.

## I. *INTRODUCTION*

Plaintiffs Megadance USA Corp. ("Megadance"), and Fred Astaire Dance Studios, Inc. are franchisors of dance studios; Defendants are Atlanta-area franchisees. The complaint alleges, among other things, that Defendants violated their franchise agreements by failing to pay franchise fees after July of 2008. Having terminated their franchise, Plaintiffs seek preliminary relief requiring Defendants to cease doing business using Plaintiffs' trademarked material, return documentation and other materials relating to the franchise, and move the locations of their franchises to different sites. Defendants have moved to dismiss or transfer this case to the Northern District of Georgia, on the ground that a lawsuit raising similar issues was filed there prior to this case, and on the additional grounds that this court lacks personal jurisdiction over Defendants and constitutes an improper venue for the litigation.

For the reasons set forth below, the court will deny Defendants' Motion to Dismiss and allow Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

## II. *FACTS*

It is undisputed that Plaintiffs here, jointly or individually, own various intellectual property related to the operation of "Fred Astaire" dance schools. The franchisees have operated dance schools under the brand name "Fred Astaire Dance Studios" and use a propriety method of dance instruction owned by Plaintiffs. Defendants operated two dance schools, which the court will refer to as the "Atlanta" and "North Atlanta" franchises.

The individual Defendants Knipp and Woodin, entered into the franchise agreement for the Atlanta location on June 1, 1999 and the franchise agreement for the North Atlanta location on January 1, 2003. The two franchise agreements have some minor differences, but are very simi-

lar in substance. The Atlanta agreement was made while Plaintiffs operated in Florida, and that agreement provides that Florida would be the forum for any disputes arising out of the agreement. The North Atlanta agreement was executed after Plaintiffs had shifted operations to Massachusetts, and it states that the appropriate forum for any disputes would be the one closest to the place of business of Plaintiffs, which in this case is Massachusetts.

The relationship between the franchisor and franchisees began to come apart in July of 2008, when the two Georgia franchises ceased submitting franchise fees. On February 20, 2009, Megadance notified Defendants that the franchise agreements would be terminated in thirty days, on March 22, 2009, based upon this failure. Defendants did not respond to these letters, and on March 25, 2009 counsel for Megadance sent letters confirming that the franchise agreements were terminated and that Defendants had an obligation to fulfill their contractual obligations to return materials and cease use of Plaintiffs' marks.

Two days prior to the termination date of the franchise, March 20, 2009, Defendants here filed their own action as Plaintiffs in the Georgia state court. In response, Plaintiffs in this case (Defendants in the Georgia case) removed the case to the Northern District of Georgia. Upon removal, the franchisor filed a motion for partial dismissal of the Georgia case and transfer of the remainder to this court. The franchisor's motion is still pending in the Northern District of Georgia and, as of June 8, 2009, had not been set for argument.

Plaintiffs initially appeared before this court on May 7, 2009, in connection with their Motion for Temporary Restraining Order and Preliminary Injunction. Counsel for Defendants had not appeared at that time, although Atlanta counsel had informally submitted papers seeking dismissal of this case and transfer to the Northern District of Georgia based upon the "first filed" doctrine. The court declined to take action on May 7 and put this case over to May 28, 2009, instructing Defendants to obtain counsel qualified to appear in this court, to oppose the Motion for Temporary Restraining Order and Preliminary Injunction, and to file (if they wished to do so) a motion to dismiss over the signature of an attorney qualified to appear in this court.

In response, Defendants declined to file any opposition to the Motion for Temporary Restraining Order and Preliminary Injunction, but did file a Motion to Dismiss.

### III. DISCUSSION

■ Ordinarily, where two lawsuits are filed raising very similar or identical issues, the second court will defer to the first. An exception to this rule occurs in situations where the earlier-filing party has clearly received knowledge of the defendants intent to file and has engaged in a race to the courthouse. *See e.g.*, *EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3rd Cir.1988); *Ven–Fuel, Inc. v. Dept. of Treasury*, 673 F.2d 1194 (11th Cir.1982).

■ This case has the flavor of such a situation. Although the franchisor did not explicitly state to the franchisees that it was about to file a lawsuit, the franchisees waited until two days prior to the notice's termination date to rush into the Georgia court. The "first filed" rule in this case has somewhat diminished impact.

■ More important, however, is the fact that the franchisees in signing the franchise agreements with Plaintiffs committed themselves to employing a forum

other than Georgia in the event of a dispute. In the case of the earlier franchise agreement this forum was Florida, and in the case of the latter-filed agreement it was Massachusetts. It is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract. *See e.g. Wellons v. Numerica Sav. Bank, FSB,* 749 F.Supp. 336, 338 (D.Mass.1990) (transferring the first-filed and first-removed action to the district named in the forum selection clause of the underlying contract, where a later-filed suit was pending). Although a contest might exist between Florida and Massachusetts, it is clear that the parties explicitly declined in their written agreements to use Georgia as the site for litigation if it should arise.

As between Massachusetts and Florida, the only sensible choice is Massachusetts. Neither party has any connection with Florida any more, and the obvious intent even at the time of the signing of the original franchise agreement was that the dispute forum was to be the one closest to the franchisor's place of business. Thus, the stronger claim for the forum is the District of Massachusetts.

Given the forum selection, Plaintiffs' claims for lack of personal jurisdiction have little force. Moreover, the Supreme Court has clearly established that in franchisor/franchisee situations like the one before this court, the franchisee has deliberately affiliated with the forum state (the franchisor's home state) such that the possibility of litigation there was reasonably foreseeable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 482, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

As to the venue considerations, no clear choice can be made upon the facts. Massachusetts is as inconvenient to Defendants as Georgia would be to Plaintiffs. Again, given the forum choice, Massachusetts appears to be the sensible forum.

Based on the foregoing, the court will deny Defendants' Motion to Dismiss or Transfer.

As to the Motion for Temporary Restraining Order and Preliminary Injunction, this has not been opposed and will be allowed. The court will, however, delay issuance of the Preliminary Injunction order for thirty days in order to permit Defendants to comply voluntarily. At the hearing on the motions, it became clear that Defendants have already taken steps to return documents and to forego use of the original phone number. In view of the shifting factual situation, Plaintiffs are ordered to submit a proposed Preliminary Injunction order no later than June 30, 2009. Absent some submission from Defendants, the court will sign the order effective July 6, 2009.

## IV.  *CONCLUSION*

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 9) is hereby ALLOWED. Defendants Motion to Dismiss (Dkt. No. 16) is hereby DENIED.

It is So Ordered.